FOUNTAIN CITY COOPERATIVE CREAMERY ASSOCIATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10969.   Promulgated December 8, 1947.

*Martin L. Fugina, Esq.*, for the petitioner.
*H. H. Hart, Esq.*, for the respondent.

OPINION.

HARLAN, *Judge*: This proceeding involves deficiencies in income and declared value excess profits taxes for the calendar year 1943 as follows: Income tax, $1,393.55, and declared value excess profits tax, $142.22; total, $1,535.77.

Petitioner filed with the collector of internal revenue for the district of Wisconsin its corporation income and declared value excess profits tax return, Form 1120, for the calendar year 1943.   This return showed total gross income of $63,383.45, total claimed deductions of $62,794.04, including a deduction for "Patrons Equity Reserve" of $5,088.55, and normal tax net income of $589.41.   The Commissioner disallowed the claimed deductions of $5,088.55 for "Patrons Equity Reserve."   The petition herein alleges error in respect to such disallowance.   Other adjustments made in the deficiency notice are not in dispute.   The question before this Court is as to the propriety of this disallowance.

Petitioner was incorporated in 1900 under the provisions of section 1786–e of the Wisconsin Statutes of 1898, entitled "An Act to provide for the formation and government of mutual, reciprocal or cooperative associations wishing to engage in the manufacture or distribution of products or the transaction of general business."   The articles of incorporation provided that the business of the taxpayer was to operate a creamery upon the mutual, reciprocal, or cooperative plan.   The charter also provided that "members and not shares of stock shall vote in electing officers and transacting business of whatsoever nature, but no proxies shall be allowed."   Petitioner's charter was amended in 1901 in order to increase its capital stock and again in 1922 to provide additional procedure for members' meetings, but the record discloses no amendment to the charter whereby the taxpayer ever limited the amount of dividends payable to its stockholders or specifically

declared itself to be operated under the provisions of chapter 185 of the Wisconsin Statutes of 1941 and/or 1943. The statute under which petitioner was incorporated provided no limitation on the amount of dividends.

From the time of its incorporation petitioner was engaged in the buying of butter and butter fat and the processing of butter fat and the selling of butter.

The taxpayer's patrons consisted of producers of butter fat, some of whom were also stockholders in the taxpayer corporation.

The taxpayer also purchased from other creameries processed butter and resold the same, but such customers were not considered patrons of the taxpayer.

At no time prior to the taxable year did the taxpayer declare any dividends to its patrons. At the beginning of 1942 it had an accumulated paid in surplus of $24,523. At the beginning of 1943 said surplus amounted to $26,430.53. At the December 14, 1943, meeting of the directors a 5 per cent dividend on all outstanding stock was declared, and it was further resolved:

That all the remaining net income for said fiscal year is hereby distributed among the patrons of this association, both members and nonmembers, in the form of patrons equity reserve, in proportion to the monetary value of the dairy products delivered to the association during said fiscal year.

Subsequently, notice was sent to each of petitioner's patrons showing the amount of butter fat sold by each patron during 1943 and the proportionate interest that each patron had in the so-called patrons' equity reserve, which reserve amounted to $5,088.55.

On February 2, 1944, the action of the board of directors of December 14, 1943, was approved and an amendment to the bylaws was adopted providing for the operation of a patrons' equity reserve, pertinent parts of which provide:

* * * Whenever in the opinion of the board of directors the reserves are greater than reasonably necessary for the sound financing of the association, such excess at the discretion of the board of directors may be used to pay off ratably, by years, the equity reserve contributions of patrons, beginning with the oldest. Whenever in a given year the operation of the association results in a net loss, such loss, to the extent that the patrons equity reserve is available, shall be charged against it and the reserve shall be reduced accordingly; and be apportioned among the reserves of the different years in such proportions as the board of directors in their discretion consider equitable. * * * All debts of the association, both secured and unsecured, shall be entitled to priority over all patrons equity reserves.

No payment has been made by the taxpayer to any patron out of this equity reserve, nor has any of taxpayer's patrons demanded any payment.

In his notice of deficiency the Commissioner explained his action in the following words:

The deduction of patrons' equity reserve in the amount of $5,088.55 is disallowed inasmuch as there is no specific statutory provision for the deduction claimed, and the amount cannot be excluded from income for the patrons' rights to receive the reserve depend upon some corporate action to be taken by the corporate board of directors.

It is agreed by both parties that the taxpayer is not a tax-exempt organization within the meaning of section 101 (12) of the Internal Revenue Code or of any other provision of the internal revenue laws.

The Commissioner further contends that the taxpayer is not a cooperative association within the meaning of the Wisconsin laws governing such associations for the taxable year 1943; that since its organization it has not operated as a true cooperative; and that under any circumstances the so-called patrons' equity reserve is neither deductible nor excludible from petitioner's taxable income for the year 1943.

Chapter 185 of the Wisconsin statutes of 1941 and 1943 sets forth the Wisconsin law controlling cooperative associations. Section 185.01 of that chapter provides:

In this chapter, unless the text or subject matter otherwise requires "cooperative basis" as applied to a cooperative means that: (a) Each member has one vote and only one vote; (b) the rate of dividends upon stock is limited to eight per cent; (c) the net proceeds from the business of such corporations are distributed to the patrons in proportion to the volume of business transacted by such patrons with the corporation; provided that deductions may be made as required or authorized by the law of this state.

Section 185.19 of said chapter provides that any corporation organized under the general laws may become a cooperative by adopting a resolution at any regular or special meeting of its stockholders and properly filing the resolution as a certificate of amendment to the articles of incorporation.

Section 185.165 of said chapter provides that upon dissolution the directors "may apportion and distribute all surpluses, reserves and other assets of the business either paying or providing for the payment of all the known indebtedness of the association and all expenses * * * to the members thereof in accordance with the property rights of the members."

The petitioner herein could not qualify under the Wisconsin statutes controlling cooperative associations during the taxable year, for the reason that neither in the law under which it was organized nor in its charter, nor in any amendment thereto has it ever limited the amount of its dividends payable to its stockholders as provided in section 185.01 above; nor has it ever amended its charter specifically bringing itself under the provisions of chapter 185 of the Wisconsin statutes of 1941 and 1943. From the record therefore it would seem that, regardless of the taxpayer's inclusion in its title of the word "cooperative" and of its provision that its stockholders shall have but

one vote regardless of the amount of stock held, it has never limited the amount of dividends which it may pay to its stockholders and has therefore never made any provision for any enforceable distribution to its patrons.

The Commissioner further contends that, even if the petitioner were a cooperative association within the provisions of the 1941 and 1943 statutes of Wisconsin, it nevertheless has never operated as such because it has never distributed any profits to its patrons, but has accumulated its profits in the form of a paid-in surplus to the approximate amount of $26,000, which surplus in the event of dissolution of the company would inure to the profit of the stockholders. It is to be noted that such disposition of all surpluses and reserves is recognized by section 185.165 of the Wisconsin statutes above set forth. Because of the accumulation of this reserve and the complete failure to pay any patrons' dividends, our finding is in support of the Commissioner's contention that the taxpayer has not operated as a cooperative.

However, if our finding were in favor of the taxpayer on the two prior contentions, we would still be unable to find any justification in law for the deduction or exclusion of the patrons' equity reserve as contended for by the taxpayer, which relies very largely on *United Cooperatives, Inc.*, 4 T. C. 93. In that case, however, a patrons' dividend was actually declared and paid, as distinguished from the case at bar, where there is merely a certificate issued to the patron to be honored at some indefinite future time when the board of directors decides that "the reserves are greater than reasonably necessary for the sound financing of the association," provided that the debts of the association have not absorbed this reserve by virtue of their prior claims thereon. The effect of the above provision in the certificates and in the bylaws is to declare that this is a reserve if the money is not needed for any other purpose and if, as, and when, the directors subsequently decide that any patrons' dividend might be paid. It is difficult to see much if any distinction between this reserve and the general funds of the taxpayer. Certainly, the patrons would have no method whatsoever of enforcing the payment of any amount on their certificates until the directors had taken a subsequent action. Petitioner in its brief states as follows:

We concede that the practice of excluding the so-called "Patronage Dividends" from gross income, or rather from "Net Proceeds" as defined by the Wisconsin Statutes hereinbefore cited, must be limited to those cases in which the right of patrons to such dividends arises by reason of the mandatory provisions of the statutes of the state under which the corporation was organized and has operated or by reason of the corporate charter or by-laws or some other contract, express or implied, and does not depend upon some corporate action taken subsequent to its receipt of the money later so distributed, such as the action of the corporation's officers or directors. This limitation recognizes that if the money later distributed is received by the corporation without

legal obligation existing at the time of its receipt to later distribute it, it must be considered as the gross income of the corporation, and if there is no deduction permitted by statute of the amounts later distributed to patrons it is taxable as such.

It is certainly difficult to discern any legal principle whereby petitioner's directors could be compelled under any statutory law of Wisconsin to declare a patrons' dividend in a corporation in which there is no limit on the stockholders' dividends, even if the petitioner could bring itself within chapter 185 of the 1941 and 1943 statutes of Wisconsin. Section 185.165 thereof vests in the discretion of the directors of recognized cooperatives, powers to do the following acts prior to the declaration of any patrons' dividend:

(1) They may set aside as a reserve fund such amount as the directors see fit;

(2) They may pay stockholders' dividends not to exceed 8 per cent of the par value of the stock;

(3) They may set aside an educational fund to teach cooperation in an amount not to exceed 5 per cent of the remaining net proceeds;

(4) They may pay the employees a bonus in an amount depending upon the salary earned and the amount of the patronage distributions;

(5) They may expend for the "general welfare" of the association's members any amount deemed necessary. Thereafter they may vote a patronage dividend out of the remainder of their net income, provided the requirements of the directors' and officers' salaries permit.

The Supreme Court of Wisconsin, in *Pearson* v. *Clam Falls Cooperative Dairy Association*, 243 Wis. 369; 10 N. W. (2d) 132, held that it was entirely discretionary with the association whether or not a patrons' dividend should be declared and whether that dividend should be in cash or stock. The court said:

By section 185.16 it was within the discretion of the directors or a majority of the stockholders whether or not patronage dividends would be declared. They could put this cash surplus into some other fund, but they chose to give the patrons a credit payable in Dawn Dairy stock. We think plaintiffs are bound by this decision.

Under the above decision, the provisions of the statutes of Wisconsin, and the terms under which this reserve was declared, it is our conclusion that the deduction or exclusion herein claimed by the petitioner is wholly unwarranted and it would seem that the petitioner, by the admissions in its brief, concedes as much.

Since the Court is uninformed as to whether or not all tax issues have been settled on the other items in the deficiency notice,

*Decision will be entered under Rule 50.*